IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARRICK EARL DENEWILER,

    Plaintiff,

v.                                                                                                                                      No. 23-cv-863-KWR-KRS

STATE OF NEW MEXICO,
SOUTHERN NEW MEXICO
CORRECTIONAL FACILITY,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff Jarrick Earl Denewiler's Prisoner's Civil Rights Complaint, filed October 2, 2023. (Doc. 1) (the "Complaint"). Plaintiff is incarcerated in the Southern New Mexico Correctional Facility ("SNMCF"). He is proceeding pro se. He alleges that the conditions of confinement at the facility violate his rights guaranteed by the Eighth Amendment to the Constitution because he does not receive adequate nutrition, medical care, or hygiene products. Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court will dismiss the Complaint for failure to state a claim upon which relief can be granted. Plaintiff will be granted an opportunity to amend. Plaintiff's Motion to Proceed *in Forma Pauperis*, filed October 2, 2023 (Doc. 2) (the "IFP Motion") is also before the Court, and shall be granted.

    I.    Background.

For the limited purpose of this Memorandum Opinion and Order, the Court assumes that the following facts, taken from the Complaint (Doc. 1) are true. Plaintiff alleges that upon his

arrival at SNMCF on September 1, 2023, he expressed that he would need "extra" food, *i.e.*, double trays, extra lunches, or otherwise. (Doc. 1 at 2). Plaintiff reiterated that he needed extra food and expressed concerns about his malnourishment every day thereafter by filing medical sick calls, informal complaints, and institutional grievances. (Doc. 1 at 3). To whom Plaintiff communicated his need for extra food on his first day at SNMCF is not alleged in the Complaint. The Complaint also does not include any detail about the substance of the sick calls, complaints, or grievances, who received them, whether he received a response and, if so, from whom saying what. Plaintiff alleges that because he does not receive adequate portions of food, he is malnourished and underweight (he alleges that he is 5 feet, 11 inches tall and presently weighs 137 pounds, but should weigh 160). (Doc. 1 at 2-3). He also alleges that because he is malnourished and starving, he has had to have three teeth extracted, he tore a ligament in his shoulder, and has suffered several broken bones. (Doc. 1 at 3). He alleges that the state of New Mexico has failed to provide medical treatment for these conditions. (Doc. 1 at 4).

Plaintiff also alleges that SNMCF has not provided him any shampoo or deodorant and has only once provided a razor, toothpaste, and a writing utensil. (Doc. 1 at 3). He alleges that he has asked "every sergeant/lieutenant" for hygiene supplies and filed an informal complaint and an institutional grievance, apparently to no avail. (Doc. 1 at 3). Again, the Complaint does not specify who he spoke with or provide any details about the substance of or response, if any, to the complaint and grievance. (Doc. 1 at 3). Plaintiff provides some detail about a single instance in which a Sergeant Vigil (not a named defendant) was handing out hygiene items. According to Plaintiff, when Plaintiff refused to sign a hygiene delivery log because his allocated bag of supplies did not contain all the supplies the SNMCF Inmate Handbook said it should include, Sergeant Vigil refused to provide soap and toilet paper (apparently the content of the bag, as offered). (Doc.

1 at 3). Plaintiff alleges that Sergeant Vigil admonished him for not asking nicely for shampoo and toothpaste, "harassed" him for twenty minutes, and proceeded to deliver indigent hygiene supplies to everyone except Plaintiff. (Doc. 1 at 3).

Based on the foregoing, Plaintiff requests injunctive and monetary relief including a transfer to another facility, sufficient food to maintain a 160-pound body weight, access to the LexisNexis computer system, and a million dollars. (Doc. 1 at 5).

II. Analysis.

A. Standard of Review.

As Plaintiff is proceeding *pro se* in this civil action against a governmental entity, the Complaint must be screened under 28 U.S.C. § 1915A. The Court must dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Among other things, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court construes pro se pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While pro se pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if the initial complaint fails to state a

claim, courts should generally grant leave to amend unless amendment would be futile.  *Id.*

    B.  <u>Pleading Standards Governing a § 1983 Claim</u>.

42 U.S.C. § 1983 provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. It allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. *Id.*

A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). To state a viable claim a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the Constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046. To state a § 1983 claim, the complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).  Further, a civil rights action against a public official or entity may not be based solely on a theory of *respondeat superior* liability for the actions of employees; instead, a plaintiff must plead that each government official, through the official's own individual actions, violated the Constitution. *Ashcroft*, 556 U.S. at 676.

4

C. Plaintiff's Complaint Fails to State a Viable § 1983 Claim.

1. Official Capacity Claims for Damages Against the State and Officials.

Plaintiff's claims against the State of New Mexico and SNMCF are barred by the Eleventh Amendment, which the Supreme Court has interpreted as prohibiting states from being "sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity. *Green v. Mansour*, 474 U.S. 64, 68 (1985). The prohibition extends to suits against state agencies (including state prisons that are operated by extension of state executive departments) and state officials in their official capacities. *Muscogee (Creek) Nation v. Oklahoma Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) ("arms of the state" such as state agencies "partake in the State's [sovereign] immunity[.]"); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (a claim against a state penitentiary is barred by the Eleventh Amendment).

Section 1983 does not abrogate a state's sovereign immunity, *id.*, and the State of New Mexico has not consented to Plaintiff's lawsuit. As § 1983 does not permit *respondeat superior* liability for the actions of employees, *Ashcroft*, 556 U.S. at 676, Plaintiff's claims for monetary damages against these defendants must be dismissed with prejudice.

2. Plaintiff's Eighth Amendment Claims Fail on Substantive Grounds.

In addition to the failure to name a defendant subject to liability under § 1983, Plaintiff's claims fail on substantive grounds. Plaintiff's claims regarding medical care, nutrition, and hygiene are encompassed by the Eighth Amendment, which requires prison officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates'

5

safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998). Specifically, prisons must provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *Ramos v. Lamm*, 639 F.2d 559, 570–71 (10th Cir. 1980). A substantial deprivation of food may be sufficiently serious to state a viable claim under the Eighth Amendment. *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).

It is also "well established that prison officials violate the Eighth Amendment if their 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain.'" *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." *Id.* (quoting *Estelle*, 429 U.S. at 104-05).

Finally, under "extreme conditions," a denial of basic hygiene items might constitute an Eighth Amendment violation, *Scott v. Case Manager Owens (SCF)*, 80 F. App'x 640, 643 (10th Cir. 2003), provided that the plaintiff demonstrates a corresponding injury. *Requena v. Roberts*, 893 F.3d 1195, 1207 (10th Cir. 2018).

To state a viable Eighth Amendment claim, a plaintiff must plead facts that satisfy standards governing the objective *and* subjective elements of the claim. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). "First, the deprivation alleged must be, objectively, sufficiently serious," meaning that the "prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities[.]" *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). Secondly, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Self*, 439 F.3d at 1230–31.

6

In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (internal quotation marks and citation omitted).

For example, to state a viable claim regarding in adequate medical care, a plaintiff must allege facts showing a medical need that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos*, 639 F.2d at 575 (citations omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). The plaintiff must also establish that the defendant "knew [the plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (internal quotation marks and citation omitted); *see Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (explaining that the subjective element is satisfied if "the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it").

As pled, Plaintiff's claims do not satisfy the objective or subjective components of an Eighth Amendment claim.  Regarding the nutrition and medical care claims, assuming that the subjective component is satisfied based on the severity of the symptoms Plaintiff describes, the claim nevertheless fails because Plaintiff does not identify the prison official (or officials) who knew about his symptoms or conditions but disregarded them.  Plaintiff's allegations that he told every sergeant and lieutenant in SNMCF about his conditions does not suffice.  No lieutenant or sergeant is named as a defendant in this lawsuit, and even if they were, the pleading standards require a plaintiff to specify the wrongful conduct of the individual state actors, which Plaintiff

has not done. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (referring collectively to the wrongdoing of "Defendants" "with no distinction as to what acts are attributable to whom, [makes it] impossible for any of the[] individuals to ascertain what particular unconstitutional acts they are alleged to have committed" and is insufficient to state a claim). If Plaintiff does not know and cannot learn the names of the alleged wrongdoers, he may use unnamed (*i.e.*, Jane or John Doe) defendants if he provides an adequate description "sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).

Sergeant Vigil's alleged conduct regarding the distribution of hygiene supplies is the sole exception to Plaintiff's failure throughout the Complaint to identify the wrongful conduct of an individual. Construing Plaintiff's allegations as an intention to identify Sergeant Vigil as a defendant, the Complaint does not state a viable claim against him. Sergeant Vigil's alleged deprivation of hygiene supplies in a single instance without a corresponding injury, does not satisfy the standards of an Eighth Amendment claim. *See Scott*, 80 F. App'x at 643 (requiring extreme conditions of hygiene deprivation); *Requena*, 893 F.3d at 1207 (10th Cir. 2018) (requiring a corresponding injury). And verbal taunting and harassment do not implicate the protections of the Eighth Amendment. *Moore v. Morris*, 116 F. App'x 203, 205 (10th Cir. 2004). As pled, Plaintiff's claim against Sergeant Vigil is not viable and must be dismissed without prejudice.

3. Plaintiff Has Not Shown that he is Entitled to Injunctive Relief.

Unlike claims for damages, § 1983 permits state officials in their official capacities to be sued for injunctive relief. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Here, however, Plaintiff has not adequately alleged a constitutional violation. He is therefore not entitled to injunctive relief under

§ 1983. *Vann v. Okla. State Bureau of Investigation*, 28 F. App'x 861, 864 (10th Cir. 2001). Plaintiff's claims for injunctive relief shall be dismissed without prejudice.

    III.    <u>Leave to Amend</u>.

Generally, pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. Plaintiff shall be granted a thirty-day deadline within which to file an amended complaint. If he declines to timely amend, the Court may dismiss the case with prejudice.

    IV.    <u>Plaintiff's IFP Motion</u>.

Plaintiff's financial information reflects he is unable to prepay the $402 filing fee for his prisoner civil rights complaint. The Court will therefore grant Plaintiff leave to *proceed in forma pauperis*, which reduces the fee to $350, and allow Plaintiff to pay in installments. *See* 28 U.S.C. § 1915(b). Pursuant to 28 U.S.C. § 1915(b)(4), Plaintiff shall be excused from prepaying a percentage of the filing fee; however, he shall be required to promptly submit the reduced filing fee in full if funds are available in the future. *See* 28 U.S.C. § 1915(b)(1) (The Court shall assess and, when funds exist, must collect, the filing fee).

**IT IS ORDERED that**:

(1)    Each of the claims in the Complaint **(Doc. 1)** are **DISMISSED** as set forth above.

(2)    Plaintiff is granted leave to file an amended complaint within thirty days of the entry of this Memorandum Opinion and Order. Failure to timely file an amended complaint may result in dismissal of this case without further notice.

(3)    Plaintiff's IFP Motion **(Doc. 2)** is **GRANTED** such that Plaintiff is excused from prepaying the filing fee; however, Plaintiff shall be required to promptly submit the reduced filing

fee in full if funds are available in the future.


                                                 /s/
                                         KEA W. RIGGS
                                         UNITED STATES DISTRICT JUDGE