IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARRICK EARL DENEWILER,

    Plaintiff,

v.                                                                                                No. 23-cv-863-KWR-KRS

STATE OF NEW MEXICO,
SOUTHERN NEW MEXICO
CORRECTIONAL FACILITY,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** is before the Court on Plaintiff Jarrick Earl Denewiler's failure to file an amended complaint. Denewilier commenced this case by filing a Prisoner's Civil Rights Complaint on October 2, 2023. (Doc. 1) (the "Complaint"). Plaintiff is incarcerated in the Southern New Mexico Correctional Facility ("SNMCF"). He is proceeding pro se. He alleged that the conditions of confinement at the facility violate his rights guaranteed by the Eighth Amendment to the Constitution because he does not receive adequate nutrition, medical care, or hygiene products.

    Specifically, Denewiler alleged that upon his arrival at SNMCF on September 1, 2023, he expressed that he would need "extra" food, *i.e.*, double trays, extra lunches, or otherwise. (Doc. 1 at 2). Plaintiff reiterated that he needed extra food and expressed concerns about his malnourishment every day thereafter by filing medical sick calls, informal complaints, and institutional grievances. (Doc. 1 at 3). To whom Plaintiff communicated his need for extra food on his first day at SNMCF is not alleged in the Complaint. The Complaint also did not include any

detail about the substance of the sick calls, complaints, or grievances, who received them, whether he received a response and, if so, from whom saying what. Denewiler alleged that because he does not receive adequate portions of food, he is malnourished and underweight (he alleges that he is 5 feet, 11 inches tall and presently weighs 137 pounds, but should weigh 160). (Doc. 1 at 2-3). He also alleged that because he is malnourished and starving, he has had to have three teeth extracted, he tore a ligament in his shoulder, and has suffered several broken bones. (Doc. 1 at 3). He alleged that the state of New Mexico has failed to provide medical treatment for these conditions. (Doc. 1 at 4).

Denewiler alleged as well that SNMCF did not provide shampoo or deodorant and only once provided a razor, toothpaste, and a writing utensil. (Doc. 1 at 3). He alleged that he asked "every sergeant/lieutenant" for hygiene supplies and filed an informal complaint and an institutional grievance, apparently to no avail. (Doc. 1 at 3). Again, the Complaint does not specify who he spoke with or provide any details about the substance of or response, if any, to the complaint and grievance. (Doc. 1 at 3). Denewiler provided some detail about a single instance in which a Sergeant Vigil (not a named defendant) was handing out hygiene items. According to Denewiler, he refused to sign a hygiene delivery log because his allocated bag of supplies did not contain all the supplies the SNMCF Inmate Handbook said it should include and Sergeant Vigil then refused to provide soap and toilet paper (apparently the content of the bag, as offered). (Doc. 1 at 3). Denewiler alleged that Sergeant Vigil admonished him for not asking nicely for shampoo and toothpaste, "harassed" him for twenty minutes, and proceeded to deliver indigent hygiene supplies to everyone except him. (Doc. 1 at 3).

Based on the foregoing, Denewiler sought injunctive and monetary relief including a transfer to another facility, sufficient food to maintain a 160-pound body weight, access to the

LexisNexis computer system, and a million dollars. (Doc. 1 at 5).

In a Memorandum Opinion and Order entered May 3, 2024 (the "Screening Ruling") (Doc. 5), the Court held Plaintiff's claims against the State of New Mexico and SNMCF are barred by the Eleventh Amendment, which the Supreme Court has interpreted as prohibiting states from being "sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity. *Green v. Mansour*, 474 U.S. 64, 68 (1985). The prohibition extends to suits against state agencies (including state prisons that are operated by extension of state executive departments) and state officials in their official capacities. *Muscogee (Creek) Nation v. Oklahoma Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) ("arms of the state" such as state agencies "partake in the State's [sovereign] immunity[.]"); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (a claim against a state penitentiary is barred by the Eleventh Amendment).

Section 1983 does not abrogate a state's sovereign immunity, *id.*, and the State of New Mexico has not consented to Plaintiff's lawsuit. As § 1983 does not permit *respondeat superior* liability for the actions of employees, *Ashcroft*, 556 U.S. at 676, the Court dismissed Plaintiff's claims against the state with prejudice.

The Court held, further, Denewiler's claims failed on substantive grounds. Plaintiff's claims regarding medical care, nutrition, and hygiene are encompassed by the Eighth Amendment, which requires prison officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998). Specifically, prisons must provide inmates with "nutritionally adequate food that

3

is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *Ramos v. Lamm*, 639 F.2d 559, 570–71 (10th Cir. 1980). A substantial deprivation of food may be sufficiently serious to state a viable claim under the Eighth Amendment. *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).

It is also "well established that prison officials violate the Eighth Amendment if their 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain.'" *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." *Id.* (quoting *Estelle*, 429 U.S. at 104-05).

Finally, under "extreme conditions," a denial of basic hygiene items might constitute an Eighth Amendment violation, *Scott v. Case Manager Owens (SCF)*, 80 F. App'x 640, 643 (10th Cir. 2003), provided that the plaintiff demonstrates a corresponding injury. *Requena v. Roberts*, 893 F.3d 1195, 1207 (10th Cir. 2018).

To state a viable Eighth Amendment claim, a plaintiff must plead facts that satisfy standards governing the objective *and* subjective elements of the claim. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). "First, the deprivation alleged must be, objectively, sufficiently serious," meaning that the "prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities[.]" *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). Secondly, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Self*, 439 F.3d at 1230–31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of

harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (internal quotation marks and citation omitted).

For example, to state a viable claim regarding in adequate medical care, a plaintiff must allege facts showing a medical need that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos*, 639 F.2d at 575 (citations omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). The plaintiff must also establish that the defendant "knew [the plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (internal quotation marks and citation omitted); *see Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (explaining that the subjective element is satisfied if "the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it").

As pled, Denewiler's Complaint did not satisfy the objective or subjective components of an Eighth Amendment claim.  Regarding the nutrition and medical care claims, assuming that the subjective component is satisfied based on the severity of the symptoms Denewiler described, the claim nevertheless fails because he did not identify the prison official (or officials) who knew about his symptoms or conditions and disregarded them.  Denewiler's allegations that he told every sergeant and lieutenant in SNMCF about his conditions does not suffice.  No lieutenant or sergeant is named as a defendant in this lawsuit, and even if they were, the pleading standards require a plaintiff to specify the wrongful conduct of the individual state actors, which the Complaint did not do. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (referring collectively to

5

the wrongdoing of "Defendants" "with no distinction as to what acts are attributable to whom, [makes it] impossible for any of the[] individuals to ascertain what particular unconstitutional acts they are alleged to have committed" and is insufficient to state a claim). The Court explained that if Denewiler did not know and could not learn the names of the alleged wrongdoers, he could use unnamed (*i.e.*, Jane or John Doe) defendants if he provides an adequate description "sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).

Sergeant Vigil's alleged conduct regarding the distribution of hygiene supplies is the sole exception to Plaintiff's failure throughout the Complaint to identify the wrongful conduct of an individual. Construing Denewiler's allegations as an intention to identify Sergeant Vigil as a defendant, the Court held that the Complaint does not state a viable claim against him. Sergeant Vigil's alleged deprivation of hygiene supplies in a single instance without a corresponding injury, does not satisfy the standards of an Eighth Amendment claim. *See Scott*, 80 F. App'x at 643 (requiring extreme conditions of hygiene deprivation); *Requena*, 893 F.3d at 1207 (10th Cir. 2018) (requiring a corresponding injury). And verbal taunting and harassment do not implicate the protections of the Eighth Amendment. *Moore v. Morris*, 116 F. App'x 203, 205 (10th Cir. 2004). The Court therefore dismissed the claims against Sergeant Vigil without prejudice.

The Court also held that Denewiler did not show that he was entitled to injunctive relief. Unlike claims for damages, § 1983 permits state officials in their official capacities to be sued for injunctive relief. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). In the Complaint, Denewiler did not adequately alleged a constitutional violation and, therefore, the Court dismissed his claims for injunctive relief without prejudice. *Vann v. Okla. State Bureau of Investigation*, 28 F. App'x 861, 864 (10th Cir. 2001).

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Plaintiff to file an amended complaint curing the above deficiencies within thirty days. Denewiler later moved for an extension, which the Court granted. (Doc. 8). Denewiler was warned that the failure to timely file an amended complaint would result in the dismissal of this case with prejudice. The extended amendment deadline expired on July 3, 2024. Denewiler did not amend his pleading or otherwise respond to the Screening Ruling. The Court will therefore dismiss this action, including the Complaint filed October 2, 2023 (Doc. 1), with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that each of the claims in the Complaint **(Doc. 1)** are **DISMISSED** with prejudice. The Court will enter a final judgment.

       /S/ KEA W. RIGGS  
    UNITED STATES DISTRICT JUDGE