IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARRICK EARL DENEWILER,

    Plaintiff,

v.                                                                        No. 23-cv-863-KWR-KRS

STATE OF NEW MEXICO,
SOUTHERN NEW MEXICO
CORRECTIONAL FACILITY,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION

**THIS MATTER** is before the Court on Plaintiff Jarrick Earl Denewiler's Motion for an Extension and Motion to Appoint Counsel, filed July 23, 2024. (Docs. 11-12). Construing the Motion for an Extension as one seeking to set aside a final judgment, the Court finds it is not well taken and shall be denied. The Motion to Appoint counsel shall be denied as moot.

In a Memorandum Opinion and Order entered May 3, 2024, the Court dismissed Denewiler's civil rights complaint without prejudice and set a thirty-day amendment deadline. (Doc. 5) (the "Screening Ruling"). Before the deadline expired, Denewiler moved for an extension. (Doc. 7). In an order entered June 3, 2024, the Court granted that motion and reset the amendment deadline to July 3, 2024. (Doc. 8). The Court advised Denewiler that the failure to timely file an amended complaint would result in the dismissal of this case with prejudice. (Doc. 8). Denewiler did not amend his pleading or otherwise respond to the Screening Ruling by the extended July 3 deadline, and on July 22, 2022, the Court dismissed this action without prejudice and entered its Final Judgment. (Docs. 9-10).

Denewiler's Motion for an Extension was filed the next day (July 22, 2022) and had therefore obviously been mailed before the Court entered the Final Judgment. Denewiler signed the Motion, however, on July 19, 2024, sixteen days after the extended deadline expired. (Doc. 11). He avers that he was held in segregation from June 2 through June 28, 2024, at which time he was placed in a mental health treatment center for an unspecified amount of time. (Doc. 11). During this timeframe (ending on a date that is illegible in the Motion, but may be June 10 or 18) he avers, he did not have his legal paperwork. (Id.).

Based on the timing and substance of the Motion, the Court will construe it as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992) ("[A] motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment."). Relief under Rule 59(e) is available (1) when there has been an intervening change in the controlling law, (2) new evidence previously unavailable has come to light, (3) it is necessary to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Subsections (1) and (2) are not relevant here. And, as discussed next, setting aside the Final Judgement is not necessary to correct clear error or prevent manifest injustice.

A court commits clear error if it makes a finding that is not factually supported, or if it makes a mistake. *Aquila, Inc. v. C.W. Mining*, 545 F.3d 1258, 1263 (10th Cir. 2008). "Manifest injustice" is an exceptionally narrow concept in the context of a Rule 59(e) motion." To invoke this exception there must be clear and certain prejudice to the moving party that is fundamentally unfair considering the governing law. *Sharpe-Miller v. Walmart, Inc.*, No. 22-CV-00406-KWR-GJF, 2024 WL 983754, at *3 (D.N.M. Mar. 7, 2024); *Diaz v. King*, No. CV 14-1086 KG/SCY,

2016 WL 8924933, at *2 (D.N.M. Apr. 22, 2016). The Final Judgment was not issued by mistake. Nineteen days had passed since the expired amendment deadline, and Denewiler had not sought an additional extension or filed an amended pleading. Nor does the Final Judgment prejudice Denewiler's ability to pursue this litigation. The events at issue in the original pleading occurred in 2023, and therefore the three-year statute of limitations is not yet expired. *Jackson v. City of Bloomfield*, 731 F.2d 652, 654 (10th Cir. 1984) ("We will henceforth apply the New Mexico three-year statute for an injury to the person to all section 1983 actions arising in that state[.]"). Any other form of prejudice Denewiler may conceive is outweighed by the strong judicial and public interest in the finality of judgments. *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (discussing the "important interest in the finality of judgments"). The Court therefore declines to set aside the Final Judgment under Rule 59(e).

For the foregoing reasons, Denewiler's Motion for an Extension shall be denied. The Motion to Appoint Counsel is moot and shall also be denied. If Denewiler wishes to pursue the claims raised in this litigation, he may file a new § 1983 complaint to commence a separate lawsuit.

**IT IS THEREFORE ORDERED** that the Motion for Extension of Time **(Doc. 11)** and the Motion to Appoint Counsel **(Doc. 12)** are **DENIED**.

    /S/ KEA W. RIGGS_____
UNITED STATES DISTRICT JUDGE