IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARRICK EARL DENEWILER,
*aka* JERRICK EARL DENEWILER,

    Plaintiff,

v.                                                       No. 23-cv-0863-KWR-KRS

STATE OF NEW MEXICO, *et al*,

    Defendants.

**AMENDED MEMORANDUM OPINION AND ORDER**

This matter is before the Court for an amended ruling on Plaintiff's post-judgment Motions for Extension of Time and to Appoint Counsel (Docs. 11, 12). Plaintiff filed the Motions one day after the Court dismissed his Prisoner Civil Rights Complaint (Doc. 1) on screening for failure to state a claim under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6). *See* Doc. 9 (Dismissal Ruling). The Court previously allowed Plaintiff to file an amended complaint that states a plausible claim for relief, but he did not comply with the July 3, 2024 amendment deadline. The Court entered the Dismissal Ruling and a Final Judgment on July 22, 2024. *See* Docs. 9, 10.

In his Motion for Extension of Time, Plaintiff states he was held in administrative segregation for most of June 2024 and that he was placed in the prison's Mental Health Treatment Center on June 25, 2024. *See* Doc. 11. Plaintiff further states he did not have access to his legal papers until July 18, 2024, after expiration of the amendment deadline. *Id.* The Court initially denied that motion, as the statute of limitations has not yet run, and permitted Plaintiff to refile the claims in a new case. *See* Doc. 13 (Reconsideration Ruling). The Court also denied the Motion to Appoint Counsel (Doc. 12) as moot. Upon further review of the record, the Court determines the

Reconsideration Ruling should be amended because Plaintiff cannot refile the claims at this stage.

Consistent with Fed. R. Civ. P. 59 and 60(a), the Court will reopen the case and give Plaintiff one more opportunity to amend his complaint. The amendment is due within thirty (30) days of entry of this ruling. If Plaintiff fails to timely amend the complaint or files another complaint that fails to state a plausible claim under Rule 12(b)(6), the Court may dismiss all claims with or without prejudice. Plaintiff is warned that the Court may also decline to grant further extensions of the amendment deadline.

Petitioner also asks the Court to appoint counsel in this civil case. *See* Doc. 12. This request was previously denied as moot but will now be resolved on the merits. The Tenth Circuit counsels that "[c]ourts are not authorized to [grant this relief] in 1983 … cases." *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). "[I]nstead, courts can "only 'request' an attorney to take the case" on a *pro bono* basis and as a matter of discretion. *Id*. Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Id*. Considering these factors, the Court will not ask a local attorney to handle this case on a *pro bono* basis. The claims in the original Complaint are not overly complex, and Plaintiff has not yet filed a meritorious amendment. The Motion to Appoint Counsel (Doc. 12) will be denied without prejudice.

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time (**Doc. 11**) is **GRANTED,** as set forth above; the Clerk's Office shall **REOPEN** the above-captioned case; and Plaintiff must file an amended complaint within thirty (30) days of entry of this ruling.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (**Doc. 12**) is **DENIED** without prejudice.

**SO ORDERED**.

   /S/ KEA W. RIGGS_____
UNITED STATES DISTRICT JUDGE