**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JARRICK EARL DENEWILER,

     Plaintiff,

v.                                         No. 2:23-cv-863 KWR/KRS

STATE OF NEW MEXICO, *et al.,*

     Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court upon review of Plaintiff's Amended Prisoner Civil Rights Complaint, (Doc. 18) ("Amended Complaint"), filed October 9, 2024. Plaintiff is incarcerated and is proceeding *pro se* and *in forma pauperis.* By Memorandum Opinion and Order entered May 3, 2024, the Court screened Plaintiff's original civil rights complaint, (Doc. 1) ("Complaint"), determined it failed to state a cognizable claim, and granted leave for Plaintiff to file an amended civil rights complaint consistent with the legal standards governing claims under 42 U.S.C. § 1983. (Doc. 5) ("Screening Ruling"). For the reasons stated below, the Court finds the Amended Complaint is similarly deficient and will dismiss this case without prejudice.

I.     **Plaintiff's Original Complaint and Screening Ruling**

Plaintiff commenced this civil rights action on October 2, 2023. (Doc. 1). The original Complaint alleges that when Plaintiff arrived at the Southern New Mexico Correctional Facility (SNMCF) on September 1, 2023, he expressed that he would need "extra" food, *i.e.*, double trays, extra lunches, or otherwise. *Id.* at 2. Plaintiff reiterated that he needed extra food and expressed concerns about his malnourishment every day thereafter by filing medical sick calls, informal

complaints, and institutional grievances. *Id.* at 3. Plaintiff does not state who he spoke to about his need for extra food on his first day at SNMCF, and he does not include any detail about the substance of the sick calls, complaints, or grievances, such as who received them or what, if any, response Plaintiff received. Plaintiff alleges that because he does not receive adequate portions of food, he is malnourished and underweight. *Id.* at 2-3. Plaintiff also alleges that because he is malnourished and starving, he has had to have three teeth extracted, he tore a ligament in his shoulder, and has suffered several broken bones. *Id.* at 3. He alleges that the state of New Mexico has failed to provide medical treatment for these conditions. *Id.* at 4.

In addition, the original Complaint alleges that SNMCF has not provided Plaintiff any shampoo or deodorant and has only once provided a razor, toothpaste, and a writing utensil. *Id.* at 3. Plaintiff states he asked "every sergeant/lieutenant" for hygiene supplies and filed an informal complaint and an institutional grievance. *Id.* The original Complaint does not specify who Plaintiff spoke with or provide any details about the substance of or response, if any, to the informal complaint and grievance. *Id.* Plaintiff provides some detail about a single instance in which a Sergeant Vigil (who was not a named defendant in the original Complaint) was handing out hygiene items. Plaintiff states he refused to sign a hygiene delivery log because his allocated bag of supplies did not contain all the supplies the SNMCF Inmate Handbook said it should include, and Sergeant Vigil then refused to provide the soap and toilet paper (apparently the contents of the bag, as offered). *Id.* Plaintiff alleges Sergeant Vigil admonished him for not asking nicely for shampoo and toothpaste, "harassed" him for twenty minutes, and proceeded to deliver indigent hygiene supplies to everyone except Plaintiff. *Id.* Plaintiff seeks injunctive and monetary relief, including transfer to another facility, sufficient food to maintain a 160-pound body weight, access to the LexisNexis computer system, and a million dollars. *Id.* at 5.

The Court liberally construed the original Complaint in the Screening Ruling, and determined it failed to state a cognizable claim against Defendants. *See* (Doc. 5), entered May 3, 2024; *see also* 28 U.S.C. § 1915(e) (requiring *sua sponte* screening of *in forma pauperis* complaints). The Court incorporates the Screening Ruling into this dismissal Memorandum Opinion and Order.

In the Screening Ruling, the Court dismissed Plaintiff's claims against the State of New Mexico and the SNMCF because they are barred by the Eleventh Amendment. (Doc. 5) at 5; *Green v. Mansour*, 474 U.S. 64, 68 (1985) (the Eleventh Amendment prohibits states from being "sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity"); *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (prohibition against suing states in federal court extends to suits against state agencies, including state prisons that are operated by extension of state executive departments, and state officials in their official capacities).

In addition, the Court held that Plaintiff's claims failed on substantive grounds. The Court explained that to state a viable Eighth Amendment claim, Plaintiff must plead facts that satisfy standards governing the objective and subjective elements of the claim. (Doc. 5) at 5-8; *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). "First, the deprivation alleged must be, objectively, sufficiently serious," meaning that the prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities[.]" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Secondly, the defendant must have a sufficiently culpable state of mind. *Id.*; *Self*, 439 F.3d at 1230-31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate

it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (internal quotation marks and citation omitted).

The Court found Plaintiff's claims do not satisfy the objective or subjective components of an Eighth Amendment claim. Regarding his nutrition and medical care claims, assuming that the subjective component is satisfied based on the severity of the symptoms Plaintiff describes, the claim nevertheless fails because Plaintiff does not identify the prison official (or officials) who knew about his symptoms or conditions but disregarded them. No lieutenant or sergeant was named as a defendant in the Complaint, and even if they were, the pleading standards require a plaintiff to specify the wrongful conduct of the individual state actors, which Plaintiff failed to do. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (referring collectively to the wrongdoing of "Defendants" "with no distinction as to what acts are attributable to whom, [makes it] impossible for any of the[] individuals to ascertain what particular unconstitutional acts they are alleged to have committed" and is insufficient to state a claim). The Court explained that if Plaintiff does not know and cannot learn the names of the alleged wrongdoers, he may use unnamed (*i.e.*, Jane or John Doe) defendants if he provides an adequate description "sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).

Regarding Sergeant Vigil's alleged conduct distributing hygiene supplies, the Court found the Complaint does not state a viable claim against him because his alleged deprivation of hygiene supplies in a single instance without a corresponding injury, does not satisfy the standards of an Eighth Amendment claim. *See Scott v. Case Manager Owens (SCF)*, 80 Fed. App'x 640, 643 (10th Cir. 2003) (requiring extreme conditions of hygiene deprivation); *Requena v. Roberts*, 893 F.3d 1195, 1207 (10th Cir. 2018) (requiring a corresponding injury). Verbal taunting and

harassment also do not implicate the protections of the Eighth Amendment. *Moore v. Morris*, 116 Fed. App'x 203, 205 (10th Cir. 2004). Therefore, the Court found Plaintiff's claims as pled are not viable and must be dismissed without prejudice. (Doc. 5) at 8. Because Plaintiff has not adequately alleged a constitutional violation, the Court further found he is not entitled to injunctive relief under § 1983. *Id.* at 8-9; *Vann v. Okla. State Bur. of Investigation*, 28 Fed. App'x 861, 864 (10th Cir. 2001).

Consistent with *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Plaintiff to file an amended complaint within thirty days consistent with the legal standards governing claims under 42 U.S.C. § 1983. (Doc. 5) at 9. Plaintiff was warned that failure to file a timely amended complaint could result in dismissal of this case with prejudice. *Id.*

The deadline to file an amended complaint was July 3, 2024, and Plaintiff failed to file an amended complaint or otherwise respond to the Screening Ruling by that date. On July 22, 2024, the Court dismissed this case. (Doc. 9). On July 23, 2024, Plaintiff filed a post-judgment Motion for Extension of Time, stating he was unable to file a timely amended complaint because he had been held in administrative segregation and the prison's Mental Health Treatment Center. (Doc. 11). On August 7, 2024, the Court granted the Motion for Extension of Time, reopened the case, and allowed Plaintiff one more opportunity to amend his complaint within thirty days. (Doc. 14). Plaintiff was again warned that if he fails to timely amend the complaint or files another complaint that does not state a plausible claim under Rule 12(b)(6), the Court may dismiss all claims with or without prejudice. *Id.* at 2. On August 26, 2024, Plaintiff filed a Second Amended Complaint, (Doc. 15), and a Motion to Compel Subpoena, (Doc. 16). On October 9, 2024, Plaintiff filed a Third Amended Complaint. (Doc. 18).

## II.    Plaintiff's Amended Complaints

In his Second and Third Amended Complaints, Plaintiff raises one claim: that he was not provided hygiene supplies (specifically, a toothbrush), which led to three teeth extractions.  *See* (Docs. 15 and 18).  Accordingly, Plaintiff appears to abandon all other claims the Court dismissed in its Screening Ruling.  *See Hall v. United States*, 2023 WL 11996775, at *2 (D. Utah) ("Because an amended complaint completely replaces all prior versions of the complaint, claims which are not realleged in an amended complaint are deemed abandoned."); *Pierce v. Williams*, 2020 WL 5910491, at *6 (E.D. Okla.) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect.") (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

In his Second Amended Complaint, Plaintiff names the State of New Mexico and SNMCF as Defendants.  (Doc. 15) at 1-2.  In his Third Amended Complaint, Plaintiff names as Defendants: Alisha Tafoya Lucero, Secretary of the Department of Corrections; Carlos Lazaring, Warden of SNMCF; and Sergeant Officer Vigil.  (Doc. 18) at 1-3.  Plaintiff states that on September 10, 2023, he was placed in administrative segregation and all of his hygiene products were removed.  (Doc. 15) at 3; (Doc. 18) at 4-5.  He alleges that on September 20, 2023, Defendant Vigil refused to provide him the weekly hygiene products and harassed Plaintiff for twenty minutes, and then delivered hygiene products to every other inmate in the housing unit.  *Id.*  Plaintiff alleges Defendant Vigil's actions were intentional and in violation of New Mexico Corrections Department (NMCD) policy regarding inmate hygiene.  *Id.*  He claims he was required to have three teeth extracted as a result of not having a toothbrush.  *Id.*  In the Third Amended Complaint, Plaintiff alleges Defendants Tafoya Lucero and Lazaring are responsible for enforcing the NMCD

hygiene policy that Defendant Vigil did not follow.  (Doc. 18) at 4.  As relief, Plaintiff seeks dental implants and monetary relief.  (Doc. 15) at 5; (Doc. 18) at 6.

### A.  Standard of Review

As set forth in the Screening Ruling, the Court must dismiss a complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1).  "A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  A court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the plaintiff.  *Id.* at 555.  However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed.  *Id.* at 558.

The Court construes *pro se* pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and

sentence construction, or … unfamiliarity with pleading requirements." *Id.* Nevertheless, it is not

the "proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

**B. Claims Against State of New Mexico, SNMCF, and Supervisory Defendants**

As explained in the Screening Ruling, Plaintiff's claims against the State of New Mexico

and SNMCF are barred by the Eleventh Amendment, which the Supreme Court has interpreted as

prohibiting states from being "sued in federal court unless they consent to it in unequivocal terms

or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to

abrogate the immunity." *Green*, 474 U.S. at 68. The prohibition extends to suits against state

agencies (including state prisons that are operated by extension of state executive departments)

and state officials in their official capacities. *Muscogee*, 611 F.3d at 1227; *Wood v. Milyard*, 414

Fed. App'x 103, 105 (10th Cir. 2011) ("Arms of the state" such as state agencies "partake in the

State's [sovereign] immunity[.]"); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th

Cir. 2007) (a claim against a state penitentiary is barred by the Eleventh Amendment). "Section

1983 does not abrogate a state's sovereign immunity," *Muscogee*, 611 F.3d at 1227, and the State

of New Mexico has not consented to Plaintiff's lawsuit. As § 1983 does not permit *respondeat*

*superior* liability for the actions of employees, Plaintiff's claims against the State and SNMCF

shall be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff's claims against Defendants Tafoya Lucero and Lazaring must be dismissed

because they are based solely on supervisory status. Plaintiff alleges these Defendants "share the

responsibility of training and enforcing" the NMCD policy regarding inmate hygiene. (Doc. 18)

at 4. "[A] defendant's role must be more than one of abstract authority over individuals who

actually committed a constitutional violation." *Fogarty*, 523 F.3d at 1162. To plead the liability

of a supervisor, a plaintiff must show he or she personally directed the alleged offensive conduct

or knew the plaintiff's rights were being violated but did not prevent it.  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *Woodward v. City of Worland*, 977 F.2d 1392, 1399-1400 (10th Cir. 1992) (same).  Consequently, since Plaintiff's claims against Defendants Tafoya Lucero and Lazaring are based solely on their supervisory capacity, they are not sufficient to show their personal participation in the challenged acts and must be dismissed.

### C.  Plaintiff's Civil Rights Claims Also Fail on Substantive Grounds

Like his original Complaint, Plaintiff's Second and Third Amended Complaints fail to state a viable § 1983 Eighth Amendment claim.  Plaintiff's claim that he did not receive hygiene supplies is encompassed by the Eighth Amendment, which requires prison officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety."  *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998).  It is "well established that prison officials violate the Eighth Amendment if their 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain.'"  *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care."  *Id.* (quoting *Estelle*, 429 U.S. at 104-05).  Under "extreme conditions," a denial of basic hygiene items might constitute an Eighth Amendment violation, provided that the plaintiff demonstrates a corresponding injury.  *See Scott*, 80 Fed. App'x at 643; *Requena*, 893 F.3d at 1207.

As explained in the Screening Ruling, to state a viable Eighth Amendment Claim, the plaintiff must plead facts that satisfy standards governing the objective and subjective elements of the claim.  *Self*, 439 F.3d at 1230.  This requires that "the deprivation alleged must be, objectively,

sufficiently serious," meaning that the prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities[.]" *Farmer*, 511 U.S. at 834. In addition, the plaintiff must establish the defendant had a sufficiently culpable state of mind, meaning the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt*, 199 F.3d at 1224 (citation omitted). For example, to state a viable claim regarding in adequate medical care, a plaintiff must allege facts showing a medical need that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (citations omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). The plaintiff must also establish that the defendant "knew [the plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt*, 199 F.3d at 1224 (citation omitted); *see also Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (explaining that the subjective element is satisfied if "the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it").

Neither the Second nor Third Amended Complaints satisfy the objective or subjective components of an Eighth Amendment claim. Plaintiff's allegations that Defendant Vigil deprived him of hygiene supplies in a single instance does not satisfy the standards of an Eighth Amendment claim. *See Scott*, 80 Fed. App'x at 643 (requiring extreme conditions of hygiene deprivation). And while Plaintiff alleges this deprivation led to him needing to have three teeth extracted, he does not allege that any Defendant knew Plaintiff faced a substantial risk of harm and disregarded it. Indeed, Plaintiff does not allege any facts showing a medical need that was "diagnosed by a

physician as mandating treatment," or one that was so obvious that it would be recognized by a lay person. *Ramos*, 639 F.2d at 575. In addition, verbal taunting and harassment do not implicate the protections of the Eighth Amendment. *Moore*, 116 Fed. App'x at 205. To the extent Plaintiff brings a claim based on violation of NMCD policy, alleged violations of prison regulations are not cognizable under § 1983. *Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002); *Sandin v. Conner*, 515 U.S. 472, 482 (1995) (prison regulations and administrative policies are not intended "to confer rights on inmates"); *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation.").

For these reasons, Plaintiff does not state a viable § 1983 claim. Because Plaintiff does not adequately allege a constitutional violation, his claims for injunctive relief must also be dismissed. *See Vann*, 28 Fed. App'x at 864 (injunctive relief cannot be obtained in a § 1983 proceeding unless the plaintiff has first shown a constitutional violation).

### III.    Conclusion

For each alternative reason above, the Court concludes that Plaintiff did not cure the pleading defects identified in the Screening Ruling, and his Second and Third Amended Complaints fail to state a plausible claim for relief against the named Defendants. Ordinarily, courts dismiss with prejudice where the prior complaint does not state a cognizable claim and the plaintiff fails to amend as directed. *See, e.g., Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming district court's dismissal of amended complaint with prejudice where the district court rejected a "claim but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal"). Based on the nature of his claims, Plaintiff may survive initial review if he eventually refiles and connects a Defendant to each alleged wrongdoing. Therefore, the Court, in its discretion, will dismiss this case without

prejudice pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  *See Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 756 (7th Cir. 1988) (construing § 1915(e) to permit screening dismissals with or without prejudice, even where the complaint fails to state a claim).  The Court will also deny Plaintiff's Motion to Compel Subpoena (Doc. 16), which is now moot.

**IT IS THEREFORE ORDERED** that all claims in this case, including Plaintiff's Second Amended Complaint (**Doc. 15**) and Third Amended Complaint (**Doc. 18**), are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  The Court will enter a separate judgment closing the civil case.

_____/S/ KEA W. RIGGS_____
UNITED STATES DISTRICT JUDGE